UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | | |
| HAMPTON BENSALEM ASSOCIATES, L.P., | : | Case No. 04-22604T |
| *Debtor(s)* | : | |
| -------------------------------------------------------- | | |
| | : | |
| HAMPTON BENSALEM ASSOCIATES, L.P., | : | |
| *Plaintiff(s)* | | |
| | : | |
| *v.* | | Adv. No. 04-2423 |
| | : | |
| O'NEILL BENSALEM PROPERTIES, L.P. O'NEILL BENSALEM PROPERTIES ACQUISITION CORPORATION J. BRIAN O'NEILL HAMPTON N.E. ACQUISITION CORP. and HAMPTON BUCKS COUNTY ASSOC., L.P., | : | |
| *Defendant(s),* *Third Party Plaintiffs* | : | |
| *v.* | : | |
| HAMPTON N.E. ASSOCIATES, LLC MARK MENDELSON RICHARD N. CHAKEJIAN, JR. and THOMAS A. LEONARD, | : | |
| *Third Party Defendants* | : | |
| | : | |

**O R D E R**

AND NOW, this 22nd day of November, 2005, upon consideration of Defendants'

Motion to Dismiss[1] Counts II, III, V and VI of Plaintiff's Complaint,[2] Plaintiff's Response thereto, Plaintiff's Motion to Dismiss Counts II and III of Defendants' Counterclaim, Defendants' Response thereto, Third Party Defendants' Motion to Dismiss the Third Party Complaint and Defendants/Third Party Plaintiffs' Response thereto, it is ORDERED that:

*(1)* Defendants' Motion to Dismiss Count II of the Complaint as against Defendant, O'Neill Bensalem Properties, L.P. ("OBP") is GRANTED IN PART and DENIED IN PART and Count II of the Complaint is hereby DISMISSED AS AGAINST OBP ONLY TO THE EXTENT THAT IT SEEKS RELIEF AGAINST OBP FOR VIOLATING SECTIONS 13.1 AND 13.3 OF THE PARTIES' LIMITED PARTNERSHIP AGREEMENT;[3] and

---

1. Defendants' Motion to Dismiss also sought dismissal of Counts I and IV of Plaintiff's Complaint. However, pursuant to a Stipulation and Consent Order filed by the parties on July 21, 2005, Defendants withdrew, without prejudice, their Motion to Dismiss Counts I and IV of the Complaint.

2. Defendant bases its Motion to dismiss Counts II, III, V and VI of Plaintiff's Complaint upon Fed. R. Civ. P. 12(b)(6), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7012(b). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-6 (1957). As such, it is well settled that a court, when ruling on a motion to dismiss, must accept as true all allegations contained in the complaint as well as all reasonable inferences that can be drawn therefrom and must view them in the light most favorable to the non-moving party. Conley, 355 U.S. at 45; Jordan v. Fox, Rothschild, O'Brien and Frankel, 20 F.3d 1250, 1261 (3rd Cir. 1994); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1410 (3rd Cir. 1991). The defendant, as the moving party bears the burden of establishing that the plaintiff has alleged no set of facts which, if proved, would entitle it to relief. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3rd Cir. 1990).

3. Turning to Count II of the Complaint, we note that it alleges and seeks redress for Defendants' alleged breach of the parties' Limited Partnership Agreement. A review of Defendants' Motion to Dismiss this Count and its brief in support thereof reveals that Defendants' Motion to Dismiss Count II is limited to a request that we dismiss Count II **only** as against Defendant, O'Neill Bensalem Properties, L.P. ("OBP").

A careful review of Count II of the Complaint reveals that it seeks relief against Defendants for breach of sections 10.1(a), 13.1 and 13.3 of the parties' Limited Partnership Agreement. What is less clear from these allegations is whether Plaintiff is alleging that OBP breached sections 13.1 and 13.3 of the Limited Partnership Agreement, or whether Plaintiff is limiting its allegations concerning the alleged breach of sections 13.1 and 13.3 to allegations that only Defendant, Hampton N.E. Acquisition Corp. ("Hampton N.E. Acquisition"), as the general partner of Defendant, Hampton Bucks County Associates, L.P., breached

these sections of the Limited Partnership Agreement. From a review of Plaintiff's brief in opposition to Defendants' Motion to Dismiss, it appears that Plaintiff agrees with Defendant that sections 13.1 and 13.3 of the Limited Partnership Agreement create obligations owed only by Hampton N.E. Acquisition as the general partner and that Plaintiff is limiting its allegations concerning the alleged breach of section 13.1 and 13.3 of the Limited Partnership Agreement to allegations that only Hampton N.E. Acquisition breached these obligations. However, as a review of the allegations of Count II of the Complaint are ambiguous on this point, we shall grant Defendants' motion to dismiss Count II as against OBP to the extent that Count II attempts to allege that OBP breached sections 13.1 and 13.3 of the parties' Limited Partnership Agreement.

This does not end our inquiry, however, as Count II also seeks relief against OBP for its alleged breach of section 10.1(a) of the Limited Partnership Agreement, which states:

SECTION 10- TRANSFERABILITY OF PARTNERSHIP INTERESTS

10.1 Additional Limited Partners

(a)    A limited partnership interest may be sold, transferred or otherwise assigned, in whole or in part, by a Limited Partner only upon obtaining the written consent of all Partners, which consent may be withheld arbitrarily, and the consents required under any state law applicable to such transfer or assignment, except that any interest of a Limited Partner may pass without consent to his heirs or legatees upon his death or by operation of law or to his spouse or issue or trusts for their benefit.

Specifically, Plaintiff alleges in Count II that OBP breached section 10.1(a) of the Limited Partnership Agreement when it caused Plaintiff's limited partnership interest to be transferred to and redeemed by Hampton Bucks County Associates, L.P. without first obtaining Plaintiff's written consent. See Complaint, ¶64.

Defendants interpret section 10.1(a) of the Limited Partnership Agreement to apply only to a limited partner's attempt to sell, transfer or otherwise assign **its own interest in the limited partnership**, and not to an attempt to transfer or assign the limited partnership interest of another limited partner. Hence, Defendants argue that section 10.1(a) was not implicated or breached when Plaintiff's limited partnership interest in Hampton Bucks County Associates, L.P. was transferred to and redeemed by Hampton Bucks County Associates, L.P. Plaintiff, on the other hand, construes section 10.1(a) to apply to the transfer or assignment of **any limited partnership interest by any limited partner** and to require the written consent of all partners before the transfer or assignment may become effective.

As we must accept all allegations contained in the Complaint as well as all reasonable inferences that can be drawn therefrom as true, and as we must view them in the light most favorable to the non-moving party, Conley v. Gibson, 355 U.S. 41, 45 (1957); Jordan v. Fox, Rothschild, O'Brien and Frankel, 20 F.3d 1250, 1261 (3rd Cir. 1994); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1410 (3rd Cir. 1991), we conclude that Defendants failed to meet their burden to establish that Count II of the Complaint does not state a cause of action against OBP for breach of section 10.1(a) of the Limited Partnership Agreement. Having reviewed section 10.1(a) of the Limited Partnership Agreement in the context of the arguments raised by both Plaintiff and Defendants, we conclude that this section is ambiguous, and therefore, parol or extrinsic evidence is admissible to assist in the determining the intent of the parties. See Axtell v. The Equipment

*(2)* Defendants' Motion to Dismiss Count III of the Complaint is hereby DENIED;[4]

---

Leasing Co., Inc. (In re Walnut Leasing Equipment Co., Inc.), No. 00-0864 (97-19699DWS), 2002 WL 31994477 *3-4 (Bankr. E.D. Pa. December 13, 2002)(to determine whether ambiguity exists in a contract, the court may consider the words of the contract, the alternative meaning suggested by counsel, and the nature of the objective evidence to be offered in support of that meaning ... If a court determines as a matter of law that a contract is ambiguous, parol or extrinsic evidence is admissible to assist the trier of fact in determining the intent of the parties to the contract). As such, we must deny Defendants' motion to dismiss the portion of Count II of the complaint which seeks relief against OBP for breach of section 10.1(a) of the Limited Partnership Agreement. However, Defendants and/or OBP are free to raise this issue at a later stage in the proceeding by way of a motion for summary judgment or other appropriate pleading.

4. Count III of Plaintiff's Complaint seeks relief against Defendants based upon fraud. Defendants first argue that Count III should be dismissed because it fails to allege any specific misrepresentation of fact by any Defendants other than Defendant, Hampton Bucks County Associates, L.P. Our review of Count III, however, reveals that it contains sufficient allegations to state a claim against all of the Defendants at this stage of the proceeding. To explain, we agree with Plaintiff that while Fed. R. Civ. P. 9(b), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7009, requires that all averments of fraud be stated with particularity, the factual detail that needs to be alleged is "tempered by the overall themes of simplicity and conciseness permeating the modern federal pleading system." Schwartz v. Kursman (In re Harry Levin, Inc.), 175 B.R. 560, 567 (Bankr. E.D. Pa. 1994). Moreover, the application of Rule 9(b) prior to completion of discovery is less rigorous and more relaxed. Id. (quoting Christidis v. First Pennsylvania Mortgage Trust, 717 F.2d 96, 99-100 (3rd Cir. 1983)). Accordingly, as we must accept all allegations contained in the Complaint as well as all reasonable inferences that can be drawn therefrom as true, and as we must view them in the light most favorable to the non-moving party, Conley v. Gibson, 355 U.S. 41, 45 (1957); Jordan v. Fox, Rothschild, O'Brien and Frankel, 20 F.3d 1250, 1261 (3rd Cir. 1994); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1410 (3rd Cir. 1991), we find that the allegations contained in Count III are sufficient to state a cause of action against all Defendants based upon fraud. However, Defendants are free to raise this issue at a later stage in the proceeding, perhaps after discovery is completed, by way of a motion for summary judgment or other appropriate pleading.

Defendants next argue that Count III should be dismissed as against all Defendants based upon the "gist of the action doctrine" because the conduct which forms the basis of Plaintiff's fraud cause of action in Count III is the identical conduct which is alleged as the basis of Plaintiff's breach of contract claim in Count II of the Complaint. However, as noted by Plaintiff, a fraud claim must not be dismissed under the "gist of the action doctrine" as duplicative of a contract claim if the fraud did not concern the performance of contractual duties. eToll, Inc. v. Elias/Savion Advertising, Inc., 811 A.2d 10, 19 (Pa. Super. 2002). Here, the basis of Plaintiff's fraud cause of action (contained in Count III of the Complaint) is its allegations that Defendants committed fraud when they delivered the alleged fraudulent Schedule K-1 to Plaintiff with the intent of causing Plaintiff to believe that Plaintiff's limited partnership interest had been assigned to Defendant, J. Brian O'Neill (O'Neill), see Complaint, ¶¶ 70, 71, 73, and when, after issuance of the fraudulent Schedule K-1, they "caused Pennsylvania Business Bank to change its records regarding the Loan in order to ensure that account statements for the Loan were no longer sent to [Plaintiff]," see Complaint, ¶74. Plaintiff's breach of contract claim (contained in Count II of the Complaint), however, is based upon Plaintiff's contention that Defendant, OBP caused Plaintiff's limited partnership interest to be transferred without Plaintiff's prior written consent and that Defendant, Hampton N.E. Acquisition failed or refused to provide accurate financial reports, tax returns and Schedules K-1 to Plaintiff. See Complaint, ¶¶60, 61, 62, 63, 64, 66. While it appears that there is some duplication in the pleadings contained in Counts II and III in

and

    *(3)* Defendants' Motion to Dismiss Count V of the Complaint is hereby DENIED;[5]

---

that both Counts contain allegations regarding Defendants' delivery of the Schedule K-1 to Plaintiff, there are sufficient additional allegations contained in Count III, specifically the allegation contained in paragraph 74 concerning conduct by Defendants which allegedly caused Pennsylvania Business Bank to change its records so that account statements were no longer sent to Plaintiff, which convince us that the "gist of the action doctrine" is inapplicable at this stage of the proceeding especially since we must accept all allegations contained in the Complaint as well as all reasonable inferences that can be drawn therefrom as true, and we must view them in the light most favorable to the non-moving party, Conley, 355 U.S. at 45 (1957); Jordan, 20 F.3d at 1261; Kehr Packages, Inc., 926 F.2d at 1410. More specifically, we find that at the least, the allegation contained in Count III, paragraph 74 of the Complaint regarding alleged conduct by Defendants which caused Pennsylvania Business Bank to change its records so that account statements were no longer sent to Plaintiff, does not concern the performance of contractual duties and therefore cannot be barred by the "gist of the action doctrine." For these reasons, we find that Counts II and III of the Complaint are not duplicative and that therefore, the "gist of the action doctrine" should not be deemed to apply at this stage of the proceeding. Accordingly, we deny Defendants' motion to dismiss Count III of the Complaint. However, Defendants are free to raise this issue at a later stage in the proceeding by way of a motion for summary judgment or other appropriate pleading.

5. Defendants request that we dismiss Count V of the Complaint which seeks damages against Defendants, OBP and O'Neill Bensalem Properties Acquisition Corporation ("O'Neill Acquisition") under the theory of promissory estoppel. Specifically, Count V alleges that on or about May 5, 2004, Pennsylvania Business Bank sent Plaintiff and Plaintiff's limited partners, the Third Party Defendants, a Notification which advised Plaintiff and the Third Party Defendants that Pennsylvania Business Bank intended to sell all of Plaintiff's limited partnership interest in Hampton Bucks County Associates, L.P. at a private sale after May 15, 2004 or at a public sale on May 20, 2004. Count V further alleges that Plaintiff filed its bankruptcy petition on May 14, 2005 in justifiable reliance on the "promise" contained in the Notification that Plaintiff's limited partnership interest would not be transferred until May 15, 2004. Count V next alleges that on May 13, 2004, OBP purchased the loan (under which Plaintiff and the Third Party Defendants were the obligors) from Pennsylvania Business Bank and received an assignment of all of the Bank's rights and obligations under the loan. Count V next alleges that OBP, as successor by assignment to Pennsylvania Business Bank, was bound by the Notification provided to Plaintiff and the Third Party Defendants by Pennsylvania Business Bank, but that on May 13, 2004, in breach of the "promise" contained in the Notification, OBP, acting through its general partner, O'Neill Acquisition transferred Plaintiff's limited partnership interest in Hampton Bucks County Associates, L.P. to Hampton Bucks County Associates, L.P.

  Defendants first request that we dismiss Count V of the Complaint because the Notification sent by Pennsylvania Business Bank does not constitute a promise intended to induce action or forbearance. However, accepting all of the allegations contained in the Complaint as well as all reasonable inferences that can be drawn therefrom as true, and viewing them in the light most favorable to the non-moving party, Conley v. Gibson, 355 U.S. 41, 45 (1957); Jordan v. Fox, Rothschild, O'Brien and Frankel, 20 F.3d 1250, 1261 (3rd Cir. 1994); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1410 (3rd Cir. 1991), we conclude that Count V of the Complaint adequately pleads the existence of a promise intended to induce action or forbearance under the doctrine of promissory estoppel, see Crouse v. Cyclops Industries, 745 A.2d 606, 610 (Pa. 2000).

and

>    *(4)* Defendants' Motion to Dismiss Count VI of the Complaint is hereby DENIED WITHOUT PREJUDICE provided that Plaintiff files, **within twenty (20) days of the date of this**

---

Defendants next argue that even if the Notification is deemed to constitute a promise actionable under the promissory estoppel theory, the Complaint fails to allege a breach of that promise since it does not allege that a "sale" of Plaintiff's limited partnership interest occurred. However, accepting all of the allegations contained in the Complaint as well as all reasonable inferences that can be drawn therefrom as true, and viewing them in the light most favorable to the non-moving party, Conley, 355 U.S. at 45; Jordan, 20 F.3d at 1261; Kehr Packages Inc., 926 F.2d at 1410, we agree with Plaintiff that the Complaint, by referring to a transfer of Plaintiff's limited partnership interest, adequately pleads a breach of the promise contained in the Notification.

Finally, Defendants maintain that Plaintiff's promissory estoppel cause of action must be dismissed because a claim for promissory estoppel cannot lie where a contract exists between the parties. Defendants argue that the loan agreements between Pennsylvania Business Bank and Plaintiff and the Redemption Agreement between Pennsylvania Business Bank and Defendant, Hampton Bucks County Associates, L.P., govern the parties' conduct and preclude the application of the promissory estoppel doctrine. Plaintiff argues that neither of these agreements govern Defendants' promise to withhold the sale of Plaintiff's limited partnership interest until May 15, 2004, and that Defendants' motion to dismiss Count V must therefore be denied. Again, accepting all allegations contained in the Complaint as well as all reasonable inferences that can be drawn therefrom as true, and viewing them in the light most favorable to the non-moving party, Conley, 355 U.S. at 45; Jordan, 20 F.3d at 1261; Kehr Packages, Inc., 926 F.2d at 1410, we agree with Plaintiff that neither the loan agreements nor the Redemption Agreement preclude application of the promissory estoppel doctrine since neither of these agreements contain specific provisions concerning a "sale" of Plaintiff's limited partnership interest which would preclude Plaintiff's reliance on the "promise" contained in the Notification. While it is true that "[g]enerally, [the doctrine of promissory estoppel] is invoked in situations where the formal requirements of contract formation have not been satisfied and where justice would be served by enforcing a promise," Carlson v. Arnot-Ogden Memorial Hospital, 918 F.2d 411, 416 (3rd Cir. 1990)(citations omitted). "[c]ourts have held that breach of contract and promissory estoppel claims may be pleaded in the alternative; if the court finds that a contract exists, the promissory estoppel claim must fail." MLEA, Inc. v. Atlantic Recycled Rubber, Inc., No. Civ. A. 02-4393, 2005 WL 1217190 at *3 (E.D. Pa. May 19, 2005). In addition, a contract may be modified under the promissory estoppel doctrine if subsequent words or actions of one party to the contract induce the other party to take action in justifiable reliance on those subsequent words or actions to his detriment. Kreutzer v. Monterey County Herald Co., 747 A.2d 358, 362 (Pa. 2000). Again, accepting all of the allegations contained in the Complaint as well as all reasonable inferences that can be drawn therefrom as true, and viewing them in the light most favorable to the non-moving party, Conley, 355 U.S. at 45; Jordan, 20 F.3d at 1261; Kehr Packages , Inc., 926 F.2d at 1410, and after applying the legal principles cited above, we find that Defendants have not met their burden of proving that Count V of the Complaint must be dismissed due to the existence of the loan agreements and Redemption Agreement.

**Order,** an Amended Count VI of the Complaint which shall include, at a minimum, citation to the specific sections of Article 9 of the Uniform Commercial Code, 13 Pa. C.S.A. §9101 et. seq. ("U.C.C."), which Plaintiff avers were violated by one or more of the Defendants.[6] If Plaintiff fails to file an Amended Count VI of the Complaint within twenty (20) days of the date of this Order, Count VI of the Complaint shall be DEEMED DISMISSED WITH PREJUDICE, without the need for further notice, hearing or Order.

   *(5)* Plaintiff's Motion to Dismiss Counts II of Defendants' Counterclaim is hereby DENIED;[7] and

---

6. A review of Count VI of the Complaint reveals that Plaintiff fails to cite the specific sections of the U.C.C. which it contends were violated by Defendants. Although Plaintiff and Defendants refer to certain U.C.C. sections in their briefs, the Court must look to the actual Complaint when ruling on a Rule 12(b)(6) motion to dismiss. While the courts apply a liberal, notice pleading standard of review, nonetheless, Plaintiff must specifically cite the provisions of the Pennsylvania version of the U.C.C. which it claims were violated by one or more Defendants in a Count solely premised on purported actionable conduct under the U.C.C.

7. In Count II of its Counterclaim, Defendants seek "damages and related legal and equitable relief in the event it is determined that [Plaintiff] retains and/or is entitled to recover an [sic] interest in the HCBA 40% Limited Partner Interest, or is entitled to any damages, on account of its claims in this Adversary Proceeding." See Defendants' Counterclaim, Count II, ¶71. Count II then goes on to list the specific efforts and undertakings made by Defendants which would unjustly inure to Plaintiff's benefit if Plaintiff is successful in this adversary proceeding.

  Plaintiff first maintains that Count II of Defendants' Counterclaim must be dismissed under Fed. R. Civ. P. 12(b)(6), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7012(b), because the doctrine of unjust enrichment cannot apply where the relationship between the parties is founded on a written agreement or express contract. However, as Defendants correctly point out, Plaintiff has misinterpreted the caselaw on this issue. Rather, the doctrine of unjust enrichment can be applied even if there is an underlying contract between the parties if the benefit conferred is outside the scope of the underlying contract or if the underlying contract does not fix the value of that benefit. See Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3rd Cir. 1987); United Artists Theatre Circuit, Inc. v. Monarch, Inc., Civ. A. Nos. 94-2155, 95-6894, 1996 WL 711483 at *7 (E.D. Pa. December 9, 1996); Combustion Systems Services, Inc. v. Schuylkill Energy Resources, Inc., Civ. A. No. 92-4228, 1993 WL 523713 at 5 (E.D. Pa. December 15, 1993); HCB Contractors v. Rouse & Associates, Inc., No. 91-CV 5350, 1992 WL 176142 at *7 (E.D. Pa. July 13, 1992). Here, the unjust enrichment relief requested by Defendants in Count II of their Counterclaim are outside the scope of the Redemption Agreement. In fact, as Defendants correctly point out, the Redemption Agreement, which is the only agreement referenced in Count II of the Counterclaim, provides only for the redemption of Plaintiff's limited partnership interest, it says nothing about the adjustment of the rights of the parties in the event that the redemption is set aside, which is the relief requested by Plaintiff in Counts I and IV of its Complaint. In addition, as Defendants again correctly point

*(6)* Plaintiff's Motion to Dismiss Count III of Defendants' Counterclaim is hereby DENIED;[8] and

---

out, the only parties to the Redemption Agreement are Defendant, Hampton Bucks County Associates, L.P., and Pennsylvania Business Bank, and therefore, Plaintiff cannot rely upon the Redemption Agreement to supply the written agreement or express contract between itself and Defendants. Finally, we note that we agree with the analysis provided by Defendants in footnote 21 of its Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss Counts II and III of Defendants' Counterclaims and Third Party Complaint, wherein Defendants discuss the distinction between the offensive and defensive use of the unjust enrichment theory.

Plaintiff next argues that Count II of Defendants' Counterclaim must be dismissed because section 5.1(d) the Limited Partnership Agreement does not permit any of the partners to seek reimbursement of capital contributions made to the Limited Partnership. We find this argument misplaced, however, since accepting all allegations contained in Count II of the Counterclaim as well as all reasonable inferences that can be drawn therefrom as true, and viewing them in the light most favorable to the non-moving party, Conley v. Gibson, 355 U.S. 41, 45 (1957); Jordan v. Fox, Rothschild, O'Brien and Frankel, 20 F.3d 1250, 1261 (3rd Cir. 1994); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1410 (3rd Cir. 1991), none of the actions alleged in support of the unjust enrichment claims made in Count II of Defendants' Counterclaim can be deemed to be capital contributions to the Limited Partnership.

Finally, Plaintiff argues that Count II of Defendants' Counterclaim must be dismissed because Defendants have not alleged and cannot establish that Plaintiff appreciated the benefits allegedly conferred by Defendants. Again, however, accepting all allegations contained in Count II of the Counterclaim as well as all reasonable inferences that can be drawn therefrom as true, and viewing them in the light most favorable to the non-moving party, Conley, 355 U.S. at 45; Jordan, 20 F.3d at 1261; Kehr Packages, Inc., 926 F.2d at 1410, we find that Defendants have sufficiently alleged the appreciation of benefits by Plaintiff. See Defendants' Counterclaim, Count II, ¶72. For all of these reasons, we deny Plaintiff's motion to dismiss Count II of Defendants' Counterclaim.

8. Count III of Defendants' Counterclaim seeks "damages for detrimental reliance and related legal and equitable relief against [Plaintiff] in the event it is determined that [Plaintiff] retains and/or is entitled to recover an interest in the HCBA 40% Limited Partner Interest, or is entitled to any damages, on account of its claims in this Adversary Proceeding." See Defendant's Counterclaim, Count III, ¶79. Count III then goes on to list the losses Defendant will suffer if Plaintiff is granted the relief it seeks in the Complaint.

Plaintiff initially requests that Count III of Defendants' Counterclaim be dismissed because it is based upon a contract. However, the detrimental reliance relief requested by Defendants in Count II of their Counterclaim are outside the scope of the Redemption Agreement. See Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3rd Cir. 1987); United Artists Theatre Circuit, Inc. v. Monarch, Inc., Civ. A. Nos. 94-2155, 95-6894, 1996 WL 711483 at *7 (E.D. Pa. December 9, 1996); Combustion Systems Services, Inc. v. Schuylkill Energy Resources, Inc., Civ. A. No. 92-4228, 1993 WL 523713 at 5 (E.D. Pa. December 15, 1993); HCB Contractors v. Rouse & Associates, Inc., No. 91-CV 5350, 1992 WL 176142 at *7 (E.D. Pa. July 13, 1992). In fact, as Defendants correctly point out, the Redemption Agreement, which is the only agreement referenced in Count III of the Counterclaim, provides only for the redemption of Plaintiff's limited partnership interest. It says nothing about the adjustment of the rights of the parties in the event that the redemption is set aside, which is the relief requested by Plaintiff in Counts I and IV of its

*(7)* Third Party Defendants' Motion to Dismiss the Third Party Complaint is hereby DENIED.[9]

---

Complaint. In addition, as Defendants again correctly point out, the only parties to the Redemption Agreement are Defendant, Hampton Bucks County Associates, L.P., and Pennsylvania Business Bank, and therefore, Plaintiff cannot rely upon the Redemption Agreement to supply the written agreement or express contract between itself and Defendants.

Plaintiff next requests that we dismiss Count III of Defendants' Counterclaim because it does not allege reasonable reliance on any misrepresentation by Plaintiff. However, accepting all allegations contained in Count III of the Counterclaim as well as all reasonable inferences that can be drawn therefrom as true, and viewing them in the light most favorable to the non-moving party, Conley v. Gibson, 355 U.S. 41, 45 (1957); Jordan v. Fox, Rothschild, O'Brien and Frankel, 20 F.3d 1250, 1261 (3rd Cir. 1994); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1410 (3rd Cir. 1991), we conclude that Count III adequately alleges that Defendants reasonably relied upon a misrepresentation by Plaintiff. Specifically, paragraph 81 contained in Count III of the Counterclaim adequately alleges these elements by alleging that the losses Defendants seek to recover therein "occurred as a proximate result of [Defendants'] reasonable reliance on the express written consent of [Plaintiff] to the Redemption Agreement between HBCA and PBB, on the [Plaintiff's] specific consent and agreement to HBCA's exclusive rights to redeem the HBCA 40% Limited Partnership Agreement, and on the [Plaintiff's] actual and/or apparent waiver and abandonment of any claim to the HBCA 40% Limited Partner Interest, as evidenced by their conduct over the course of some three years in failing to assert any ownership or other interest therein or in HBCA or the Property, failing to pay any portion of the Debtor Party Loan, failing to dispute or inquire as to the exercise of the redemption rights by HBCA and failing to take an action otherwise to maintain or preserve HBCA 40% Limited Partner Interest." For all of these reasons, we deny Plaintiff's motion to dismiss Count III of Defendants' Counterclaim.

9. Third Party Defendants first request that we dismiss the Third Party Complaint under Fed. R. Civ. P. 12(b)(1), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7012(b), arguing that we lack subject matter jurisdiction over the causes of action alleged in the Third Party Complaint. We begin by noting that the parties agree that the causes of action alleged in the Third Party Complaint are not core proceedings. Pursuant to 28 U.S.C. §157(c)(1), "a bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under Title 11." As stated by the United States Court of Appeals for the Third Circuit, "the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)(emphasis omitted); see also Halper v. Halper, 164 F.3d 830, 837 (3rd Cir. 1999). "A key word in [this test] is conceivable. Certainty, or even likelihood, is not a requirement. Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options or freedom of action or the handling and administration of the bankrupt estate." Halper, 164 F.3d at 837 (quoting In re Guild & Gallery Plua, Inc., 72 F.3d 1171, 1181 (3rd Cir. 1996); see also In re Willcox & Gibbs, Inc., 314 B.R. 541, 545 (Bankr. D. Del. 2004). In addition, a proceeding which affects "the property to be administered, the total assets to be distributed or the total claim to be paid" is deemed to be related to the bankruptcy case. In re Foundation for New Era Philanthropy, 201 B.R. 382, 389 (Bankr. E.D. Pa. 1996).

Turning to the causes of action alleged in the Third Party Complaint, we note that we agree with Defendants (Third Party Plaintiffs) that the causes of action are "related to" Plaintiff's underlying chapter 11 proceeding since, if they are successful, they could provide an alternate source of recovery for Defendants,

which would thereby reduce the claims to be paid by Plaintiff from the bankruptcy estate. In fact, the Third Circuit in Halper held that a bankruptcy court has jurisdiction over claims against a third party as related to the debtor's bankruptcy case if they might provide "an alternate source of recovery effectively diverting [the creditor's] claims from the bankruptcy estate." Halper, 164 F.3d at 838. This same reasoning applies herein. Moreover, we agree with Defendants that resolution of the equitable subordination claim alleged in the Third Party Complaint may impact the administration of Plaintiff's bankruptcy case because if this claim is resolved in Defendants' favor, Defendants will be subrogated to the rights of Pennsylvania Business Bank who held as collateral, among other items, an absolute assignment of the Third Party Defendants' limited partnership interests in Plaintiff, including the right to receive all distributions on their interests in Plaintiff and to exercise the voting rights of the Third Party Defendants on any confirmed plan. For all of these reasons, we conclude that the causes of action alleged in the Third Party Complaint are related to the administration of Plaintiff's underlying bankruptcy case and that we therefore have subject matter jurisdiction over these causes of action.

Next, Third Party Defendants assert that the Third Party Complaint must be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7012(b). As we stated in footnote 2, supra, the purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the opposing pleading. Conley v. Gibson, 355 U.S. 41, 45-6 (1957). As such, it is well settled that a court, when ruling on a motion to dismiss, must accept as true all allegations contained in the opposing pleading as well as all reasonable inferences that can be drawn therefrom and must view them in the light most favorable to the non-moving party. Conley, 355 U.S. at 45; Jordan v. Fox, Rothschild, O'Brien and Frankel, 20 F.3d 1250, 1261 (3rd Cir. 1994); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1410 (3rd Cir. 1991). Here, the Third Party Defendants, as the moving parties, bear the burden of establishing that the Third Party Plaintiffs have alleged no set of facts which, if proved, would entitle them to relief. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3rd Cir. 1990).

Third Party Defendants first argue that we must dismiss the Third Party Complaint because the causes of action alleged therein are barred by 15 Pa. C.S.A. §8523, which states:

> A limited partner is not liable, solely by reason of being a limited partner, under an order of court or in any other manner, for a debt, obligation or liability of the limited partnership of any kind or for the acts of any partner, agent or employee of the limited partnership.

As noted by Defendants (Third Party Plaintiffs), this general rule, by its express terms only applies to claims against limited partners which arise "solely by reason of being a limited partner" and "for a debt, obligation or liability of the limited partnership." Id. It is, by its terms, a rule protecting limited partners from vicarious liability for the debts, obligations or liabilities of the limited partnership. In fact, as pointed out by Defendants, this general rule does not preclude liability from being imposed upon a limited partner based upon other theories of liability. see 15 Pa. C.S.A. §110. Here, accepting all allegations contained in the Third Party Complaint as well as all reasonable inferences that can be drawn therefrom as true, and viewing them in the light most favorable to the non-moving party, Conley, 355 U.S. at 45; Jordan, 20 F.3d at 1261; Kehr Packages, Inc., 926 F.2d at 1410, we find that the causes of action alleged in the Third Party Complaint do not seek to hold the Third Party Defendants liable based upon their status as limited partners in Plaintiff or to hold them vicariously liable for the debts of Plaintiff (the limited partnership). Rather, the causes of action asserted in the Third Party Complaint seek to hold the Third Party Defendants liable for their own liability, their own obligations and their own words and conduct based upon the Third Party Defendants' consent to the Redemption Agreement as individuals, and not as limited partners in Plaintiff, and based upon the Third

Reading, PA

                                                  THOMAS M. TWARDOWSKI
                                                  United States Bankruptcy Judge

---

Party Defendants' liability, as individuals and not as limited partners in Plaintiff, under the loan with Pennsylvania Bank. Accordingly, we deny Third Party Defendants' motion to dismiss the Third Party Complaint to the extent that the motion is based upon 15 Pa. C.S.A. §8523.

      Finally, we note that the remaining arguments advanced by the Third Party Defendants in support of their motion to dismiss Counts II and III of the Third Party Complaint are identical to those raised by Plaintiff in support of its motion to dismiss Counts II and III of Defendants' Counterclaim. Accordingly, we adopt the reasoning contained in footnotes 7 and 8 of this Order, <u>supra</u>, which support our decision denying Plaintiff's motion to dismiss Counts II and III of Defendants' Counterclaim, to the remaining arguments advanced by the Third Party Defendants in support of their motion to dismiss the Counts II and III of the Third Party Complaint and we deny this portion of Third Party Defendants' motion to dismiss as well.